# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GREEWAY HEALTH, LLC, a Delaware limited liability company; and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIK SCHWEISS, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/01/2019** at 11:25:00 AM

Clerk of the Superior Court
By Jeannette Dowling, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court - Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):* 30-2019-01054348-CU-WT-CJC

Judge Geoffrey T. Glass

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert G. Loewy, 20 Enterprise, Suite 310, Aliso Viejo, CA 92656; (949) 442-7103

DATE: 03/01/2019
*(Fecha)* DAVID H. YAMASAKI, Clerk of the Court

Clerk, by *Jeannette Dowling* , Deputy
*(Secretario)* _____ *(Adjunto)*

Jeannette Dowling

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Greenway Health, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* Corporation Code 17061 (Limited Liability Company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ROBERT G. LOEWY (SBN 179868)
rloewy@rloewy.com
LAW OFFICES OF ROBERT G. LOEWY, P.C.
20 Enterprise, Suite 310
Aliso Viejo, California 92656
Phone: (949) 442-7103; Fax: (949) 242-5105

Attorneys for Plaintiff
ERIK SCHWEISS

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/28/2019** at 11:50:38 AM
Clerk of the Superior Court
By Brook Israel,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ERIK SCHWEISS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GREEWAY HEALTH, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 30-2019-01054348-CU-WT-CJC<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **UNPAID WAGES;**<br>2. **PAYSTUB PENALTIES;**<br>3. **UNLAWFUL WAGE COMPLAINT RETALIATION;**<br>4. **WHISTLEBLOWER RETALIATION;**<br>5. **WAITING TIME PENALTIES;**<br>6. **FAILURE TO PROVIDE EMPLOYEE RECORDS; AND**<br>7. **UNFAIR COMPETITION** |

**PARTIES**    Judge Geoffrey Glass

1.      Plaintiff Erik Schweiss is an individual residing in Orange County, California.

2.      Defendant Greenway Health, LLC ("Greenway") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Tampa, Florida.

3.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4.      Plaintiff is informed and believes and based thereon alleges that each of the Doe Defendants is an agent, employee, alter ego, or affiliate of the other Defendants, is responsible in some manner for the unlawful conduct alleged herein, and may be served with process in the State of California.  Each reference in this complaint to Defendants also refers to all Doe Defendants.

## COMMON FACTUAL ALLEGATIONS

5.      Greenway employed Plaintiff as an "Account Executive" from approximately December 2016 through October 2018.  As an account executive, Plaintiff was responsible for selling Greenway technology and software solutions to medical groups and physicians, primarily in California.  Plaintiff was paid on a commission basis throughout his tenure with Greenway.

6.      Pursuant to California Labor Code §2751, Greenway was required to have a written commission plan for Plaintiff that "set forth the method by which the commissions shall be computed and paid."  Greenway purported to comply with this statute by adopting the Fiscal Year 2018 Incentive Compensation Plan for Account Executive II (the "Commission Plan").

7.      Pursuant to this Commission Plan, Plaintiff completed several sales in 2018 and was paid commission by Greenway.  Subsequent to these sales, Greenway decided that the Commission Plan overcompensated Plaintiff and that the company would modify the commission formula – both on a go-forward basis and retroactively.  To effectuate the retroactive change to the Commission Plan, Greenway deducted significant amounts from subsequent commissions to offset commissions that had already been paid to Plaintiff, which Greenway deemed to be excessive.  Additionally, Greenway paid reduced commissions to Plaintiff on a go-forward basis based on the modified formula.

8.      Notably, Greenway Health never obtained Plaintiff's agreement (written or verbal) to make these changes, nor did Greenway adopt a new written Commission Plan to reflect these changes.

9.     On or about the evening of October 16, 2018, Greenway's Chief Growth Officer, David House, conducted a get-to-know-you meeting with Plaintiff at the Westin Hotel in Sarasota, Florida.  Mr. House stated that he was trying to gather information about the company from a number of employees as he was new to his position.  In response, Plaintiff stated he was upset that Greenway had taken commissions from him earlier in the year and detailed the conduct set forth above.  Plaintiff specifically stated that the company's conduct was wrongful and unfair, that Greenway should not have changed the commissions after the fact, and that he was entitled to receive the money he had earned.

10.     The next day, October 17, 2018, Mr. House called Plaintiff into an 8:00 a.m. meeting with him and several other Greenway employees.  At that meeting, Mr. House advised Plaintiff that Greenway was placing him on "administrative leave" due to his supposed negative attitude toward the company.  Mr. House further instructed Plaintiff to leave the sales conference immediately, as the company did not want him affecting other Greenway employees.

11.     The next day, on October 18, 2018, Plaintiff emailed all of the attendees from the prior day's meeting, recapping what was communicated to him by Greenway.  Plaintiff's email stated in part, "During that conversation, in response to David's question about how I felt about the company, I voiced my honest complaint that the company had wrongfully withheld wages that were owed to me by changing the comp plan and commission structure mid-year on deals I had already completed.  On Tuesday, David said my compensation complaint reflected a "bad attitude" and he didn't want my bad attitude to spread to other employees, which is why I needed to leave ASAP."  Greenway did not refute this email or otherwise challenge Plaintiff's record of what happened at the October 16th and 17th meetings.

COMPLAINT

12.     On or about October 19, 2019, Plaintiff participated in a conference call with Mr. House and Christy Salgado (from Greenway's Human Resources department).  During the conference call, Greenway notified Plaintiff that it was terminating him for the reasons given in the October 17th meeting.  During this conference call, Greenway did not refute any of the statements made in Plaintiff's October 18th email.

13.     Promptly after the conference call, Ms. Salgado emailed various termination-related documents to Plaintiff.  In a reply, Plaintiff stated that it was "unfortunate Greenway terminated me due to that one conversation I had with Dave on Tuesday night and my apparent bad attitude."  Ms. Salgado did not refute Plaintiff's characterization of the reasoning for his termination or in any way suggest that Greenway was terminating Plaintiff for a different reason.

## FIRST CAUSE OF ACTION – UNPAID WAGES

### Cal. Labor Code §204

### (Against Greenway and Does 1-100)

14.     Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

15.     In or about 2018 and continuing through today, Greenway became indebted to Plaintiff for wages earned, but not paid.

16.     Pursuant to California Labor Code §204, Greenway was obligated to pay, but did not pay, all wages earned by Plaintiff on a semi-monthly basis.

17.     Plaintiff has been damaged in an amount equal to the wages earned, but not paid, to him by Greenway.

## SECOND CAUSE OF ACTION – PAYSTUB PENALTIES

### Cal. Labor Code §226

### (Against Greenway and Does 1-100)

18.     Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

19.     Pursuant to California Labor Code §226, Greenway was required to provide Plaintiff with accurate wage statements, on a semi-monthly basis, that itemized all wages earned by Plaintiff during that period.

20.     On multiple occasions in 2018, Greenway failed to provide Plaintiff with accurate wage statements as required by California Labor Code §226.

21.     Plaintiff is entitled to recover a $50 penalty for the first violation and a $100 penalty for all subsequent violations of California Labor Code §226.

## THIRD CAUSE OF ACTION – UNLAWFUL WAGE RETALIATION

### Cal Labor Code §98.6(a)

### (Against Greenway and Does 1-100)

22.     Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

23.     Pursuant to California Labor Code §98.6(a), an employer "shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee … made a written or oral complaint that he or she is owed unpaid wages …."

24.     In or about October 2018, Plaintiff made written and oral complaints that he was owed wages.  Greenway retaliated against Plaintiff by first placing him on administrative leave and then terminating him.

25.     Plaintiff's wage complaints were a substantial motivating reason for Greenway's decision to place him on administrative leave and terminate him.

26.     Plaintiff was harmed.

27.     Greenway's termination of Plaintiff was a substantial factor in causing Plaintiff's harm.

28.     Plaintiff has suffered damages in excess of the minimum jurisdiction of this Court.

29.     In engaging in the aforementioned conduct, Greenway acted with malice, oppression and/or fraud such that an award of punitive damages is justified.

## FOURTH CAUSE OF ACTION – WHISTLEBLOWER RETALIATION

## Cal Labor Code §1102.5

## (Against Greenway and Does 1-100)

30.     Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

31.     Pursuant to California Labor Code §1102.5(b), an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information to … a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance … if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

32.     In or about October 2018, Plaintiff disclosed to a Greenway employee "who has authority to investigate, discover, or correct the violation" that Greenway had unlawfully withheld wages owed to him.

33.     Plaintiff's whistleblowing complaints were a substantial motivating reason for Greenway's decision to place him on administrative leave and terminate him.

34.     Plaintiff was harmed.

35.     Greenway's termination of Plaintiff was a substantial factor in causing Plaintiff's harm.

36.     Plaintiff has suffered damages in excess of the minimum jurisdiction of this Court.

37.     Plaintiff is entitled to recover a $10,000 civil penalty pursuant to Cal Labor Code § 1102.5(f)

38.     In engaging in the aforementioned conduct, Greenway acted with malice, oppression and/or fraud such that an award of punitive damages is justified.

## FIFTH CAUSE OF ACTION – WAITING TIME PENALTIES

### Cal. Labor Code §203

### (Against Greenway and Does 1-100)

39.     Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

40.     California Labor Code §201 (a) provides, in part, "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

41.     California Labor Code §202 (a) provides, in part, "if any employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter ...."

42.     Beginning in October 2018 and continuing through today, Greenway willfully failed to pay wages earned by Plaintiff upon his termination of employment.

43.     California Labor Code §203 provides, in part, "if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

44.     Because Greenway willfully failed to pay all wages due Plaintiff at the time of his termination, he is entitled to recover an additional 30 days of wages.

### SIXTH CAUSE OF ACTION – FAILURE TO PROVIDE RECORDS
### California Labor Code §1198.5
### (Against Greenway and Does 1-100)

45.     Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

46.     California Labor Code §1198.5(a) provides "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

47.     California Labor Code §1198.5(b)(1) provides "the employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request.

48.   On January 28, 2019, Plaintiff (through his counsel) requested a copy of his entire personnel file from Greenway, including any "grievance concerning the employee," as soon as possible and in no event later than 30 days.

49.   On February 24, 2019, Plaintiff reiterated his request for the entire personnel file and noted the deadline to produce was February 27, 2019.

50.   On February 27, 2019, Greenway's counsel produced a smattering of payroll and employment application documents, but not a single grievance document or any other document relating to the reasons for Plaintiff's termination (despite previously implying that such documents existed). Greenway's counsel advised that more documents would be produced at some unspecified time in the future after her office could "receive and label them."

51.   Plaintiff has not agreed to Greenway's delay in producing his personnel file.

52.   Greenway's failure to produce Plaintiff's entire personnel file constitutes a violation of California Labor Code §1198.5.

53.   Greenway's violation entitled Plaintiff to a $750 penalty under California Labor Code §1198.5(k);

54.   Plaintiff is entitled to an order from this Court requiring Greenway to turn over the entire personnel file pursuant to California Labor Code §1198.5(l).

55.   Plaintiff is entitled to recover his attorneys' fees pursuant to California Labor Code §1198.5(l).

## SEVENTH CAUSE OF ACTION – UNFAIR COMPETITION

### Cal. Bus. & Prof. Code §§17200 *et seq.*

### (Against Greenway and Does 1-100)

56.   Plaintiff incorporates by reference each allegation set forth above as if fully set forth here and further alleges as follows.

57.    As set forth above, Defendants committed unlawful acts that violated Business and Professions Code §§ 17200 *et seq.*, including multiple violations of the California Labor Code.

58.    As a result of the aforementioned acts, Plaintiff has lost and continues to lose money or property, and has suffered and continues to suffer injury in fact.

59.    Plaintiff is entitled to restitution pursuant to California Business and Professions Code §17203 for, among other things, all unpaid wages and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erik Schweiss prays for a judgment in his favor and against Defendants, and each of them, as follows:

1.    Compensatory damages in an amount to be determined at the time of trial;

2.    Preliminary and permanent injunctive relief;

3.    Penalties under the California Labor Code;

4.    Punitive damages;

5.    Prejudgment interest;

6.    Reasonable attorneys' fees, expert fees and costs of suit; and

7.    Such other and further relief as the Court may deem proper.

Dated:  February 28, 2019          LAW OFFICES OF ROBERT G. LOEWY, P.C.
                                   ROBERT G. LOEWY


                                   By:_____*/s/ Robert G. Loewy*_____
                                            Robert G. Loewy
                                   Attorneys for Plaintiff ERIK SCHWEISS

-10-

COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert G. Loewy (SBN 179868)<br>Law Offices of Robert G. Loewy, P.C.<br>20 Enterprise, Suite 310<br>Aliso Viejo, CA 92656<br>　TELEPHONE NO.: (949) 468-7150　　FAX NO.: (949) 242-5105<br>ATTORNEY FOR *(Name):* Plaintiff Erik Schweiss | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**02/28/2019** at 11:50:38 AM<br>Clerk of the Superior Court<br>By Brook Israel, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Erik Schweiss v. Greenway Health, LLC

| CIVIL CASE COVER SHEET<br>[✓] Unlimited　　[ ] Limited<br>(Amount　　　(Amount<br>demanded　　demanded is<br>exceeds $25,000)　$25,000 or less) | Complex Case Designation<br>[ ] Counter　　[ ] Joinder<br>Filed with first appearance by defendant<br>` (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2019-01054348-CU-WT-CJC |
|---|---|---|
| | | JUDGE: Judge Geoffrey Glass<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is　[✓] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties
　b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. [ ] Substantial amount of documentary evidence
　d. [ ] Large number of witnesses
　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary　b.[✓] nonmonetary; declaratory or injunctive relief　c.[✓] punitive
4. Number of causes of action *(specify):* seven
5. This case [ ] is　[✓] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2019

Robert G. Loewy _____ ▶ /s/ Robert G. Loewy _____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2