UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-644 JVS (DFMx) | Date | May 29, 2019 |

| | |
|---|---|
| Title | Eric Schweiss v. Greenway Health, LLC, et al. |

| Present: The Honorable | **James V. Selna, US District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Minute Order Regarding Motion to Remand**

Plaintiff Eric Schweiss ("Plaintiff") filed a motion to remand this case to state court. (Motion, Docket No. 7). Defendant Greenway Health, LLC ("Greenway") filed an opposition. (Opposition, Docket No. 10). Plaintiff replied. (Reply, Docket No. 11). Greenway amended its initial pleading for removal, following an order to show cause re jurisdiction. (Amended Notice, Docket No. 14; Minutes Order, Docket No. 8)[1]. Plaintiff replied. (Objection, Docket No. 15).

For the following reasons, the Court **grants** Plaintiff's motion to remand.

**I. BACKGROUND**

On February 28, 2019, Plaintiff filed a complaint in the Superior Court of the State of California, County of Orange ("Orange County Superior Court") against his former employer, Greenway, alleging wrongful termination and other violations of California employment law. (Complaint, Docket No. 1-1). On April 4, 2019, Greenway removed the action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Notice, Docket No. 1). Plaintiff is a resident of California, currently residing in Orange County. Id. at 2. Greenway is a limited liability company ("LLC") organized under the laws of the State of Delaware with a principal place of business in the State of Florida. Id. at 3.

On April 22, 2019, Plaintiff filed a Motion to Remand to Orange County Superior

---

[1] For purposes of this motion, the Court considers the Amended Notice of Removal.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-644 JVS (DFMx)  Date  May 29, 2019

Title  Eric Schweiss v. Greenway Health, LLC, et al.

Court, asserting that Greenway failed to establish a basis for diversity jurisdiction. (Motion, Docket No. 7). Plaintiff asserts that an LLC, such as Greenway, shares the citizenship of each of its members, and its citizenship is not based on its state of incorporation or its principal place of business. Id. at 4; see Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). On the same day, the Court issued an order for Greenway to amend its initial pleading, identifying each of its members and providing each member's citizenship and principal place of business. (Order, Docket No. 8). Greenway stated that it would address any outstanding issues regarding Plaintiff's motion to remand, if any, as necessary after it has filed its amended initial pleading[2]. (Opposition, Docket No. 10). On May 7, 2019, Greenway filed its amended pleading for removal. (Amended Notice, Docket No. 14). In its amended pleading, Greenway identifies some, but not all, of its members and alleges the place of incorporation for each. Id. ¶ 6.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). According to the Ninth

---

[2] Greenway stated that if the Court has questions regarding Greenway's opposition or its forthcoming amended initial pleading, Greenway respectfully requests the Court to issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court. (Amended Notice, Docket No. 14). No Order to Show Cause is necessary, given the Court's prior instructions.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-644 JVS (DFMx) | Date | May 29, 2019 |
|---|---|---|---|

| Title | Eric Schweiss v. Greenway Health, LLC, et al. |
|---|---|

Circuit, the party seeking to invoke removal on the basis of diversity bears the burden of establishing removal is proper. <u>Lew</u> v. <u>Moss</u>, 797 F.2d 474, 749 (9th Cir. 1986).

### III. DISCUSSION

Plaintiff argues that the case should be remanded for three reasons: (1) Greenway failed to identify the members of its ultimate parent entity, Vista Equity Partners Fund IV GP, LLC; (2) Greenway failed to identify all members of its intermediate parent entity, Lightning Holdings, LLC; and (3) Greenway failed to state the principal place of business for each of the identified members and entities. In addition, Plaintiff requests that the Court award attorney fees under 28 U.S.C. § 1447(c) and retain jurisdiction following the proposed remand to determine the amount of fees.

**A. Remand**

For purposes of diversity jurisdiction, a limited liability company takes on the citizenship of each of its members. <u>Johnson</u>, 437 F.3d at 899; <u>Cosgrove</u> v. <u>Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998); <u>Keith</u> v. <u>Black Diamond Advisors, Inc.</u>, 48 F. Supp. 2d 326, 329-30 (S.D. N.Y. 1999). Thus, to properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled. <u>NewGen, LLC</u> v. <u>Safe Cig, LLC</u>, 840 F.3d 606 (9th Cir. 2016).

In its amended pleading, Greenway identifies its sole member as Lightning Association, LLC, a Delaware limited liability company. (Amended Notice, Docket No. 14 ¶ 6). Greenway also identifies the sole member of Lightning Association, LLC as Lightning Intermediate Holdings, LLC, another Delaware limited liability company. <u>Id.</u> Greenway further provides that the two members of Lightning Intermediate Holdings, LLC are Lightning Holdings, LLC, another Delaware limited liability company, and VEPF IV AIV I, L.P., a Delaware limited partnership. <u>Id.</u> Greenway indicates that the sole partner of Vista Equity Partners Fund IV AIV I, L.P. is Vista Equity Partners Fund IV GP, LLC; however, no further information was given regarding Vista Equity Partners Fund IV GP, LLC. <u>Id.</u> Lastly, Greenway states that VEPF IV AIV I, L.P. is also a member of Lightning Holdings, LLC. <u>Id.</u>

The Court ordered Greenway to identify each member of each alleged LLC and the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-644 JVS (DFMx) | Date | May 29, 2019 |
|---|---|---|---|

| Title | Eric Schweiss v. Greenway Health, LLC, et al. |
|---|---|

members' citizenship and principal place of business in its amended pleading after having failed to do so in its initial notice of removal. Greenway has once again failed to provided the principal place of business for each of the identified members. Id. Furthermore, Greenway provided that VEPF IV AIV I, L.P. is *a member* of Lightning Holdings, LLC, but did not identify any of the other members of Lightning Holdings, LLC. Id. Thus, Greenway has not met its burden in establishing that removal is proper. Neither the original petition, amended petition, nor the opposition identifies the ultimate entity. Accordingly, diversity jurisdiction has not been established and the Court **grants** Plaintiff's motion to remand to the Orange County Superior Court.

**B. Attorneys' Fees**

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court may retain jurisdiction over the issue of fees and costs even after the substantive action has been remanded to state court. Walker v. Motricity Inc., 627 F.Supp.2d 1137, 1144 (N.D. Cal. 2009).

Plaintiff argues that attorneys' fees should be granted in this case because Greenway had an obligation to examine and identify all its members before alleging in a pleading that diversity jurisdiction existed. (Motion, Docket No. 7 at 5). Plaintiff's counsel has an hourly rate of $500, and spent a total of 3.8 hours on this matter, in addition to two hours for driving to, and attending, the motion to remand. (Declaration, Docket No. 18 ¶¶ 4–5). Plaintiff's counsel also incurred a total of $102.00 in costs in connection to the remand motion, which consisted of messenger fees for delivery of courtesy copies to chambers. Id. ¶ 9.

Greenway contends that even if remand is granted, it sought removal on an objectively reasonable, good faith basis and under a tight timeline. (Opposition, Docket No. 19 at 2). Due to multiple layers of corporate entities, Greenway argues that it was unable demonstrate full and complete diversity, but it did not seek removal for the purpose of delay, prolonging litigation, or increasing costs. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-644 JVS (DFMx)                    Date   May 29, 2019

Title   Eric Schweiss v. Greenway Health, LLC, et al.

    The Court grants Plaintiff's request for attorneys' fees. In addition to the Plaintiff's repeated efforts to resolve this matter of citizenship with Greenway, the Court had ordered Greenway to amend its pleading and provide the citizenship of each of its members. As stated above, Greenway failed to establish diversity jurisdiction in its initial pleading and its amended pleading. Accordingly, Greenway's removal was not reasonable. The Court, in its discretion, awards Plaintiff $3002.00, the amount of attorneys' fees incurred for filing the motion to remand.

## IV. CONCLUSION

    For the foregoing reasons, the Court **grants** Plaintiff's motion to remand the case to Orange County Superior Court, and **grants** attorneys' fees of $3002. The Court further finds that oral argument would not be helpful in this matter and vacates the May 30, 2019 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

    **IT IS SO ORDERED.**

                                                                                                     :   0

                                                      Initials of Preparer    lmb